[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14679
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00009-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEO A. JAMISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 23, 2021)

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Teo Jamison entered into a written plea agreement with the government, pleading guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  As part of his plea agreement, he waived his right to appeal or collaterally attack his sentence with few exceptions.  One of those exceptions permitted Jamison to appeal his sentence "in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing . . . ."  Doc. 30 at 4.[1]  The district court informed Jamison that he was waiving the right to appeal his sentence unless it was "in excess of that provided by [his] advisory sentencing guideline range."  Doc. 57 at 16.  The court accepted his guilty plea and, after determining that Jamison was a career offender and calculating a guidelines range of 151 to 188 months' imprisonment, sentenced Jamison to 151 months' imprisonment.

Jamison appealed his sentence, contending that the district court erred in sentencing him as a career offender.  The government moved to dismiss Jamison's appeal based on the appeal waiver in his plea agreement.  A judge of this Court denied the government's motion.

In its brief on the merits, the government renews its contention that the appeal waiver bars Jamison's appeal, urging us to vacate the previous order

---

[1] "Doc." numbers refer to the district court's docket entries.

denying the motion to dismiss based on this Court's recent decision in *United States v. Boyd*, 975 F.3d 1185 (11th Cir. 2020). We have the authority to do what the government asks, and we do so today. *See* 11th Cir. R. 27-1(g) ("A ruling on a motion or other interlocutory matter, whether entered by a single judge or a panel, is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may . . . vacate it.").

"We review the validity of a sentence appeal waiver *de novo*." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce a sentence appeal waiver only if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear that "the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). However, we have noted that "[i]n extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir.

3

1999).  Nonetheless, "[w]e have consistently enforced knowing and voluntary appeal waivers according to their terms."  *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

In *Boyd*, which was decided after the motion to dismiss in this appeal was denied, the defendant sought to challenge his sentence despite a sentence appeal waiver in his plea agreement.  975 F.3d at 1187.  The appeal waiver contained an exception that permitted him to appeal his sentence if it "exceed[ed] the advisory guideline range."  *Id.* at 1190.  The defendant argued that the provision was ambiguous because it failed to specify what guideline calculation triggered the exception—the district court's, the government's, his counsel's, or the probation office's.  *Id.*  This Court held that the provision unambiguously referred to the district court's calculation.  "It is well-established that only the district court determines the guideline range."  *Id.*  And "the remainder of [the] plea agreement put to rest any doubt as to the final arbiter of the guideline range" because it "emphasized repeatedly that the district court would determine the guideline range" and that other estimates were nonbinding.  *Id.* at 1191.

Under *Boyd*, the appeal waiver in this case is valid and enforceable.  The relevant provision in Jamison's plea agreement stated that Jamison "waives any right to appeal the imposition of sentence upon" him, "except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that

range has been calculated by the District Court at the time of sentencing . . . ."

Doc. 30 at 4.  The agreement in this case was more specific than the one in *Boyd*.

Like in *Boyd*, Jamison's plea agreement stated that the district court would

"determine an advisory guideline sentencing range" after the presentence

investigation report was completed.  *Id.* at 3.  The agreement further stated that the

district court was "not bound by any estimate of the advisory sentencing range"

that Jamison may have been given by his counsel, the government, or the probation

office.  *Id.*  Jamison signed the agreement and initialed every page; he testified that

he read "[e]very word" of it.  Doc. 57 at 13.

During his plea colloquy, the district court advised Jamison that it would

calculate his guideline range and that it could sentence him outside of that range.

The court also advised Jamison that he could not appeal his sentence unless it was

"in excess of that provided by [Jamison's] advisory sentencing guideline range."

Doc. 57 at 16.  Jamison argues that the district court did not specifically advise him

that the district court's calculation of the guideline range was what mattered for

purposes of the appeal waiver provision.[2]  This argument is similar to the one the

---

[2] The district court also failed to state that the appeal waiver was inapplicable if the sentence imposed was above the statutory maximum and failed to reference the collateral appeal waiver.  And the court incorrectly attributed the collateral appeal waiver's exception for ineffective assistance of counsel claims to Jamison's sentence appeal waiver.  Jamison has not, however, asserted that these failures rendered the appeal waiver invalid such that he can pursue his current sentencing challenge.

defendant made in *Boyd*:  that a nonspecific statement of the exception renders the appeal waiver unenforceable.  But Jamison's plea agreement—and the entirety of the plea colloquy—"put to rest any doubt" about what calculation was determinative, *Boyd*, 975 F.3d at 1191, and the record demonstrates that Jamison read and understood the terms of his plea agreement, *Bushert*, 997 F.2d at 1351.  Thus, the district court's statement did not render the exception to the appeal waiver unenforceable.

Moreover, Jamison's appeal is within the scope of his valid appeal waiver.  His sentence was not above his guideline range as calculated by the district court and does not exceed the statutory maximum.  Lastly, Jamison's 151-month sentence, imposed at the bottom of his advisory guideline range, does not constitute the type of extreme due process violation that would necessitate review despite his valid appeal waiver.  *See Howle*, 166 F.3d at 1169 n.5.

Since the appeal waiver is enforceable and applies to Jamison's claim, we are "required to dismiss his appeal." *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016).[3]  This Court's earlier order is therefore **VACATED**, and the appeal is **DISMISSED**.

---

[3] Even if we were not required to dismiss Jamison's appeal, we would uphold his career offender designation based on his 2010 and 2014 Georgia aggravated assault convictions for the reasons stated in the government's brief.